UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

---

TREYSEAN PERRY and SHATEE HARVEY,

Plaintiffs,

-against-

THE CITY OF NEW YORK, P.O. DAVID GREICO, Shield No. 18061, Individually and in his Official Capacity, and Police Officers "JOHN DOE" 1-10, Individually and in their Official Capacities, the names "JOHN DOE" being fictitious as the true names are not presently known,

Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

---

Plaintiffs, TREYSEAN PERRY and SHATEE HARVEY, by and through their attorneys,

**THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for their Complaint,

respectfully allege, upon information and belief:

### PRELIMINARY STATEMENT

1.     Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

### JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth·and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

### VENUE

4.     Venue is properly laid in the Eastern District of New York under U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.     Plaintiffs, TREYSEAN PERRY and SHATEE HARVEY, are, and have been, at all relevant times, residents of the City and State of New York.

7.     Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9.     At all times hereinafter mentioned, the individually named defendants, P.O. DAVID GRIECO and POLICE OFFICERS "JOHN DOE" 1 through 5, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11.     Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about April 27, 2013, at approximately 11:00 p.m., plaintiff TREYSEAN PERRY was visiting his uncle, SHATEE HARVEY's, home on the ground floor of 377 Bradford Street in Kings County in the State of New York.

14. At that time and place, the individually named officers burst through the front door with their guns drawn.

15. Upon information and belief, said NYPD officers did not possess a search warrant, consent, probable cause, or privilege of any kind to enter plaintiff's home.

16. The officers immediately commenced to conduct a full search of the apartment, uncovering no evidence of criminal or unlawful activity whatsoever.

17. At no time on or about April 27, 2013 did either plaintiff commit any crime or violation of law.

18. At no time on or about April 27, 2013 did defendants possess probable cause to arrest plaintiffs.

19. At no time on or about April 27, 2013 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiffs.

20. Nevertheless, defendants held plaintiff SHATEE HARVEY under arrest for approximately three hours, taking him outside in the cold in only his pajamas and threatening

him with physical harm.

21.     Additionally, the officers handcuffed plaintiff TREYSEAN PERRY's arms tightly behind his back and transported him to a nearby police precinct.

22.     In connection with plaintiff TREYSEAN PERRY's arrest, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Kings County District Attorney's Office.

23.     As a result of the defendants' conduct, the plaintiff, TREYSEAN PERRY, was charged with Criminal Possession of a Weapon in the Second Degree, Criminal Possession of a Firearm, Criminal Possession of a Weapon in the Fourth Degree, Possession of Pistol Ammunition, and Unlawful Possession of Marijuana.

24.     Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

25.     Specifically, defendants falsely, knowingly, and maliciously alleged that they observed plaintiff, TREYSEAN PERRY, holding a marijuana cigarette, make furtive movements toward his waist, and that they recovered a firearm from a jean jacket they watched him drop.

26.     As a direct result of his unlawful arrest and the unlawful acts of the defendants, plaintiff was held for approximately twenty-four hours until his arraignment where bail was set at $7,500.

27.     Plaintiff, TREYSEAN PERRY, was thereafter transported to Riker's Island where he remained in custody for an additional three days until his family posted bail.

28.     Despite defendants' actions, all charges against plaintiff, TREYSEAN PERRY were dismissed in their entirety on June 10, 2013 following the dismissal of all felony charges on May 24, 2013, the date a grand jury refused to indict him.

29.    As a result of the foregoing, plaintiff TREYSEAN PERRY and SHATEE HARVEY sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

30.    Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

31.    All of the aforementioned acts of defendants, their agents, servants, and employees, were carried out under the color of state law.

32.    All of the aforementioned acts deprived plaintiffs, TREYSEAN PERRY and SHATEE HARVEY, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

33.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

34.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

35.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

36.     Plaintiffs TREYSEAN PERRY and SHANTEE HARVEY repeat, reiterates, and
reallege each and every allegation set forth above with the same force and effect as if fully set
forth herein and at length.

37.     As a result of the defendants' conduct, plaintiffs were subjected to illegal,
improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and
confined without any probable cause, privilege, or consent.

38.     As a result of the foregoing, plaintiffs' liberty was each restricted, they was put in
fear for their safety, and they were humiliated and subjected to handcuffing and other physical
restraints, without probable cause.

## THIRD CLAIM FOR RELIEF FOR
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

39.     Plaintiff, TREYSEAN PERRY, repeats, reiterates, and realleges each and every
allegation set forth above with the same force and effect as if fully set forth herein and at length.

40.     Defendants misrepresented and falsified evidence before the Kings County
District Attorney.

41.     Defendants did not make a complete and full statement of facts to the District
Attorney.

42.     Defendants withheld exculpatory evidence from the District Attorney.

43.     Defendants were directly and actively involved in the initiation of criminal
proceedings against plaintiff, TREYSEAN PERRY.

44.     Defendants lacked probable cause to initiate criminal proceedings against
plaintiff, TREYSEAN PERRY.

45.     Defendants acted with malice in initiating criminal proceedings against plaintiff, TREYSEAN PERRY.

46.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff, TREYSEAN PERRY.

47.     Defendants lacked probable cause to continue criminal proceedings against plaintiff, TREYSEAN PERRY.

48.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

50.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor on or about May 24, 2013 when the charges against him were dismissed.

51.     As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF
## FOR UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

52.     Plaintiff, SHATEE HARVEY, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

53.     Plaintiff was subjected to a search of his home without a warrant, probable cause, privilege or consent causing damage to said home.

54.     As a result of the foregoing, plaintiff, SHATEE HARVEY, was subjected to an unreasonable and intrusive search in violation of his right to be free from unreasonable search, as secured by the Fourth Amendment to the Constitution of the United States.

## FIFTH CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

55.     Plaintiffs, TREYSEAN PERRY and SHATEE HARVEY, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

56.     Defendants arrested, searched, and incarcerated plaintiffs, TREYSEAN PERRY and SHATEE HARVEY, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize plaintiffs' liberty, well-being, safety, and violate their constitutional rights.

57.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

58.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

59.     Those customs, policies, patterns, and practices include, but are not limited to:

   i.     requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   ii.    requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   iii.   failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

   iv.    failing to properly train police officers in the requirements of the United States Constitution.

60.     The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

     i.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii.   arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

   iii.   falsifying evidence and testimony to support those arrests;

   iv.   falsifying evidence and testimony to cover up police misconduct.

61.     The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, TREYSEAN PERRY and SHATEE HARVEY.

62.     The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

63.     The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

64.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiffs were placed under arrest unlawfully.

65.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs.

66.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs' constitutional rights.

67.     All of the foregoing acts by defendants deprived plaintiffs of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

## PENDANT STATE CLAIMS

68.     Plaintiffs, TREYSEAN PERRY and SHATEE HARVEY, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

69.     On or about July 3, 2013, and within (90) days after the claims herein accrued, the plaintiffs duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, Notices of Claim setting forth all facts and information required under the General Municipal Law §50(e).

70.     Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

71.     Defendant THE CITY OF NEW YORK conducted a hearing pursuant to General Municipal Law § 50-h on September 23, 2013.

72.     This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

73.     Plaintiffs have complied with all conditions precedent to maintaining the instant action.

74.     This action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

## SIXTH CLAIM FOR RELIEF
## FOR ASSAULT AND BATTERY UNDER NEW YORK LAW

75.     Plaintiffs, TREYSEAN PERRY and SHATEE HARVEY, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

76.     At the aforesaid place and time, the individually named defendants did cause plaintiffs, TREYSEAN PERRY and SHATEE HARVEY, to be unlawfully assaulted and battered, without cause or provocation.

77.     The aforesaid assault and battery were caused by the individually named defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

78.     As a result of the aforesaid assault and battery, plaintiff, TREYSEAN PERRY and SHATEE HARVEY, was injured, both physically and mentally.

## SEVENTH CLAIM FOR RELIEF
## FOR FALSE ARREST AND IMPRISONMENT UNDER NEW YORK LAW

79.     Plaintiffs, TREYSEAN PERRY and SHATEE HARVEY, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

80.     As a result of the aforesaid conduct by defendants, plaintiffs were subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined without probable cause, privilege or consent.

81.     As a result of the foregoing, plaintiffs' liberty was each restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

82.     As a result of the foregoing plaintiffs, TREYSEAN PERRY and SHATEE HARVEY, were caused to sustain physical and emotional injuries.

## EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## MALICIOUS PROSECUTION

83.     Plaintiff, TREYSEAN PERRY, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

84.     Defendants misrepresented and falsified evidence before the Kings County District Attorney.

85.     Defendants did not make a complete and full statement of facts to the District Attorney.

86.     Defendants withheld exculpatory evidence from the District Attorney.

87.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff, TREYSEAN PERRY.

88.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff, TREYSEAN PERRY.

89.     Defendants acted with malice in initiating criminal proceedings against plaintiff, TREYSEAN PERRY.

90.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff, TREYSEAN PERRY.

91.     Defendants lacked probable cause to continue criminal proceedings against

plaintiff, TREYSEAN PERRY.

92.    Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

93.    Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor on or about June 10, 2013 when the charges against him were dismissed.

94.    As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, he was humiliated and his constitutional rights were violated.

## NINTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

95.    Plaintiffs, TREYSEAN PERRY and SHATEE HARVEY, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

96.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

97.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

98.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

99.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiffs.

100.    As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and

loss of freedom.

## TENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

101.    Plaintiffs repeat, reiterate and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

102.    Defendant, CITY OF NEW YORK, selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

103.    Defendant, CITY OF NEW YORK, was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

104.    Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE**, the plaintiffs respectfully requests judgment against defendants as follows:

i.      an order awarding compensatory damages in an amount to be determined at trial;

ii.     an order awarding punitive damages in an amount to be determined at trial;

iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.     directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       December 10, 2013

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By:   MATTHEW SHROYER (MS-6041)
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020